UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CIVIL ACTION NO. 3:14CV-000387-JHM

ARTHUR ODOM, et al.                                                              PLAINTIFFS

VS.

GLA COLLECTION CO., INC.                                                              DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on a motion by Plaintiff, Arthur Odom,[1] for summary judgment. [DN 24]. Also, before the Court are motions by Defendant, GLA Collection Co. ("GLA"), for partial summary judgment [DN 25] and to file a sur-reply [DN 30]. For the reasons that follow, Plaintiff Odom's Motion for Summary Judgement is **DENIED**. And, Defendant's Motion for Partial Summary Judgment and Motion to File a Sur-Reply are **DENIED**.

### I. BACKGROUND

This action arises out of collection letters sent to Arthur Odom and Amie Odom on November 21, 2013 and October 29, 2013, respectively. The letter to Arthur Odom from GLA involved the collection of a debt for GLA Account number 11287988. Similarly, the letter to Aimee Odom from GLA concerned debt associated with GLA Account numbers 11183217 and 11183218. On December 10, 2013, GLA received an envelope sent by certified mail. [Ex. D – Proof of Service, DN 24-6]. There is a factual dispute as to what exactly the envelope contained. Arthur Odom claims that the envelope had both a letter from him ("First Dispute Letter") and from Amie Odom disputing the debt and requesting that GLA verify the debt in question. [Ex. E

---

[1] Aime Odom is also a plaintiff in this matter, but the instant action does not involve any claims alleged by her.

– Odom Aff., DN 24-7, at ¶¶ 3-7]; [Ex. C-11-27-13 Dispute Letter]. According to GLA, it only received a dispute letter from Amie Odom concerning GLA Account numbers 11183217 and 11183218, not one from Arthur Odom. [Ex. 1 –Aff. of Patrick Lynch, DN 25-2, at ¶ 14-15]. It is undisputed that Arthur Odom continued to receive phone calls from GLA concerning Account number 11287988 after GLA received the December 10, 2013 envelope. [Ex. B – GLA Call Log, DN 24-4].

On February 10, 2014, Arthur Odom sent a second dispute letter ("Second Dispute Letter") requesting verification of his debt. [Ex. SJ Ed F 2-10-14 Dispute Letter, DN 20-10]. The proof of service was signed for on February 27, 2014. [Proof of Service, DN 24-12]. Arthur Odom alleges that he received two more phone calls from GLA on February 28, 2014 and March 5, 2014.[2] [Ex. B – GLA Call Log, DN 24-4, at 3]. GLA's records show that it processed Arthur Odom's letter on March 5, 2014. [Ex. 1C – Timeline for Arthur's Account number 11287988, DN 25-5]. GLA's log for Arthur Odom also shows that it closed its collection activities regarding his account on March 7. Id.

## II. STANDARD OF REVIEW

Before the Court may grant a motion for summary judgment, it must find that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of specifying the basis for its motion and identifying that portion of the record that demonstrates the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Once the moving party satisfies this burden, the non-moving party thereafter must produce specific facts

---

[2] Whether GLA contacted Arthur Odom on March 5, 2014 is disputed by Defendant. Unlike the previous entries on Arthur Odom's call log, the final entry on March 5, 2014 is identified as "New Phone Number" as opposed to "VIC Financial Assistance," which is how all previous entries are listed. [Ex. B – GLA Call Log, DN 24-4, at 3].

2

demonstrating a genuine issue of fact for trial.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986).

Although the Court must review the evidence in the light most favorable to the non-moving party, the non-moving party must do more than merely show that there is some "metaphysical doubt as to the material facts."  Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  Instead, the Federal Rules of Civil Procedure require the non-moving party to present specific facts showing that a genuine factual issue exists by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence . . . of a genuine dispute[.]"  Fed. R. Civ. P. 56(c)(1).  "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]."  Anderson, 477 U.S. at 252.  It is against this standard the Court reviews the following facts.

### III. ANALYSIS

Plaintiff Arthur Odom seeks relief under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 et seq., which prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices.  Specifically, Plaintiff moves for summary judgment on alleged violations of 15 U.S.C. § 1692c(c) and § 1692g(b).  Defendant GLA argues that the Court should deny Plaintiff Arthur Odom's motion for summary judgment and grant its motion as to its alleged violation of 15 U.S.C. § 1692c(c).  Because this case involves cross-motions for summary judgment over the same set of facts, the Court will analyze the motions simultaneously but will apply the proper burden shifting for each of the moving parties.

### A. Arthur Odom's First Dispute Letter

To state a claim for relief under the FDCPA, the plaintiff must allege sufficient facts to show that: (i) the plaintiff is a "consumer" under the FDCPA; (ii) the "debt" arises out of a transaction, the purpose of which is "primarily ... personal, family or household"; (iii) the defendant is a "debt collector" under the FDCPA; and (iv) the defendant violated the FDCPA's prohibitions against specific forms of "debt collection communication and/or activity." Wallace v. Wash. Mutual Bank, F.A., 683 F.3d 323, 326 (6th Cir.2012). GLA does not dispute that Plaintiff has established the first three elements. This leaves only the fourth element contested by the parties.

It is undisputed that GLA received an envelope by certified mail on December 10, 2013. The only issue is whether that envelope contained Arthur Odom's letter dated November 27, 2013. In addition to a copy of the letter [Ex. C-11-27-13 Dispute Letter, DN 24-5], Arthur Odom provides an affidavit attesting to the fact that he placed the First Dispute Letter in the envelope with Amie Odom's letter. To rebut Arthur Odom's claim, GLA offers an affidavit from Patrick Lynch, Director of Marketing for GLA, which avers that GLA never received Arthur Odom's first letter. Also, in support of its position, GLA asks the Court to consider the fact that GLA quickly processed Amie Odom's letter and ceased communication with her concerning Account numbers 11183217 and 11183218. In other words, GLA argues that its compliance as to Amie Odom's account demonstrates that it would have similarly ceased communication with Arthur Odom if it had received a dispute letter from him.

As the first moving party in the cross-motions, Plaintiff argues that GLA fails to properly rebut his evidence for two reasons. First, Plaintiff argues that Mr. Lynch's affidavit and accompanying documentation of Arthur Odom's account fails to constitute admissible evidence,

and thus, it must be excluded in considering summary judgment. See Fed. R. Civ. P. 56(c)(2) ("A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence."). Although Plaintiff acknowledges that Fed. R. Evid. 803(7) permits a party to introduce evidence to show the absence of a record that is kept in the regular course of business, he argues that Lynch's "affidavit does not establish that GLA's regularly recorded business records—that were recorded on or about December 10, 2013—provide, state, or note that GLA did not receive Mr. Odom's November 27th letter on December 10, 2013." [Pl.'s Resp. to Def. GLA's Cross Mot. for Summ. J., DN 27, at 4]. Simply put, Plaintiff believes that GLA should have recorded the fact that it did not receive Arthur Odom's first letter. In furtherance of Plaintiff's position, he relies on cases from the Second Circuit; however, those cases deal with the situation in which the addressee of a letter denies ever receiving a letter. See Isaacson v. New York Organ Donor Network, 405 Fed. Appx. 552, 553 (2d Cir. 2011) ("There is a presumption in this circuit that a mailed document is received three days after its mailing . . . . This presumption may be rebutted by admissible evidence that the document was not mailed, was received late, or was never received . . . ." (internal citations omitted)). In contrast, GLA does not deny receiving an envelope; instead, it disputes that the envelope contained Arthur Odom's letter. As a result, cases involving the non-receipt of an envelope are inapplicable in the present case.

The relevant inquiry regarding Mr. Lynch's affidavit and the accompanying account logs is whether the documents satisfy Fed. R. Evid. 803(7).

> Evidence that a matter is not included in a record described in paragraph (6) if:
>
> (A) the evidence is admitted to prove that the matter did not occur or exist;
> (B) a record was regularly kept for a matter of that kind; and
> (C) the opponent does not show that the possible source of the information or other circumstances indicate a lack of trustworthiness.

5

Fed. R. Evid. 803. As to the first prong, Defendant is clearly introducing the evidence to show that the envelope did not contain Arthur Odom's letter. Next, Mr. Lynch's affidavit avers that the activity logs "are kept and prepared in the normal course and practice of GLA Collection's business." [Ex. Aff. of Patrick Lynch, DN 25-2, at ¶ 7]. Finally, Plaintiff does not assert facts to suggest a lack of trustworthiness on the part of GLA or Mr. Lynch. Thus, this evidence is admissible under Fed. R. Evid. 803(7).

Plaintiff's second argument for rejecting Defendant's rebuttal evidence involves only Mr. Lynch's affidavit. Under Federal Rule of Civil Procedure 56, "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). Plaintiff notes that Mr. Lynch is not testifying from personal knowledge; rather, Mr. Lynch based his statements on his work as record custodian for GLA. However, where corporate records are necessary for summary judgment, the Sixth Circuit has observed that "'[c]orporate officers are considered to have personal knowledge of the acts of their corporations and an affidavit setting forth those facts is sufficient for summary judgment'" Fambrough v. Wal-Mart Stores, Inc., 14-5663, 2015 WL 2167612, at *7 (6th Cir. May 11, 2015) (quoting AGI Realty Serv. Grp., Inc. v. Red Robin Intern., Inc., 81 F.3d 160 (6th Cir. 1996). And, the officer's personal knowledge is "sufficient to satisfy the personal knowledge requirement in Fed. R. Civ. P. 56." Id. The Court finds Mr. Lynch's affidavit properly supported by personal knowledge.

Finally, Defendant argues that the Court should grant summary judgement in its favor regarding Arthur Odom's First Dispute Letter because Plaintiff failed to offer sufficient evidence to rebut its previously discussed evidence. In moving for summary judgment, Plaintiff provided

6

two relevant documents for this claim, his affidavit and a copy of the November 27, 2013 letter. Arthur Odom's affidavit states that he placed his letter in the same envelope that contained Amie Odom's letter. Defendant contends that Arthur Odom's affidavit lacks factual support. On the surface, it would seem as though Plaintiff has produced little evidence to support his claim. Yet, the Court struggles to envision a realistic scenario in which Plaintiff would be able to produce additional evidence, besides a copy of the letter and an affidavit, to demonstrate that he mailed two letters in one envelope. Furthermore, Defendant's contention is directly undermined by the fact that it has essentially produced the same kind of affidavit. Thus, Defendant's arguments are without legal support and unpersuasive.

Both parties have submitted evidence to establish the existence of a genuine issue of material fact as to whether GLA received Arthur Odom's first letter. Therefore, both Plaintiff's and Defendant's motions for summary judgment on this issue must be denied.

### B. Plaintiff's Claim Under 15 U.S.C. § 1692g(b)

In relevant part, 15 U.S.C. § 1692g(b) provides as follows:

> If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt . . . is disputed, . . . the debt collector shall cease collection of the debt . . . until the debt collector obtains verification of the debt . . . is mailed to the consumer by the debt collector.

15 U.S.C. § 1692g(b). Plaintiff maintains that Defendant violated § 1692g(b) by providing negative credit information concerning the debt associated with GLA Account number 11287988 after GLA allegedly received Arthur Odom's First Dispute Letter. Plaintiff provides a copy of his credit report showing that GLA provided negative credit information for Arthur Odom. [Ex. H – GLA CRA Reporting Info, DN 24-10, at 4]. However, as previously discussed, a factual dispute exists as to whether Defendant received the First Dispute Letter, which is the foundation

7

for Arthur Odom's claim under § 1692g(b). For that reason, Arthur Odom cannot obtain summary judgment on this claim.

### C. Arthur Odom's Second Dispute Letter

Unlike the facts underlying the First Dispute Letter, the parties do not differ on the key events regarding the Second Dispute Letter. GLA's account log for Arthur Odom shows that the company recorded his Second Dispute Letter on March 5, 2014 and an agent for GLA signed the proof of service on February 27, 2014. Further, it is uncontested that GLA contacted Arthur Odom on February 28, 2014. The only factual disagreement concerns whether or not GLA also contacted Arthur Odom on March 5, 2015.

The Defendant did not discuss the Second Dispute Letter in much detail in its Response to the Plaintiff's motion for summary judgment other than to say that it was received on March 5, 2014, and that, as a result, it closed Arthur Odom's account on March 12, 2014. The Plaintiff, in reply, claims the proof clearly shows that the Defendant received the Second Dispute Letter on February 27, 2014, and that despite receipt of the letter, Arthur Odom was contacted on February 28, 2014. Plaintiff insists that he is entitled to summary judgment as to the Second Dispute Letter.

The Defendant seeks leave to file a sur-reply to explain its mail processing procedures. The Plaintiff objects. The Court has reviewed the sur-reply and although it is styled as a sur-reply in opposition to Plaintiff's motion for summary judgment **and** in support of Defendant's partial motion for summary judgment, it is actually opposing Plaintiff's insistence that he is at least entitled to summary judgment as to his claims regarding the Second Dispute Letter. Even though the proof shows that the Second Dispute Letter was received on February 27, 2014, the Plaintiff has not carried his burden to show that he is entitled to judgment as a matter of law. The

8

Defendant clearly raised the bona fide error defense in its Answer and issues remain as to this claim. The law and argument cited in the sur-reply may prove relevant at some stage in this proceeding but they are unnecessary to the outcome of these motions. Neither party is entitled to summary judgment at this time as to the claims made regarding the Second Dispute Letter.

## IV.  CONCLUSION

For the foregoing reasons, the cross-motions for Summary Judgment [DN 24 and 25] are **DENIED.**

**IT IS FURTHER ORDERED** that GLA's Motion for Leave to File a Sur-Reply [DN 30] is **DENIED.**

*[signature]*

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

June 23, 2015

cc: counsel of record